In the Matter of MORRIS RADETSKY, an Attorney, Respondent.

First Department, December 27, 1935.

*Samuel C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

MARTIN, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on November 6, 1929, at a term of the Appellate Division of the Supreme Court, Second Department.

Following the presentation to this court by the grievance committee of the Association of the Bar of the City of New York of charges of professional misconduct, the matter was referred to an official referee. The report of the latter is now before the court.

The charges were based on the following facts: On or about November 24, 1929, John A. Trosello sustained damages to his automobile to the extent, he claimed, of $600, as a result of a collision in which three cars were involved. He retained the respondent to begin an action for him against one Dietrich, the owner of the car which Trosello claimed was responsible for the damage to his car, upon an agreement to pay him a contingent fee of fifty per cent of any recovery. On or about August 26, 1930, he began an action in the Supreme Court in Queens county in behalf of Trosello against Dietrich. Some time thereafter Trosello paid the respondent the sum of forty dollars, which was the only payment made to the respondent. Dietrich interposed a counterclaim in the action and on or about November 17, 1930, Trosello verified a reply to Dietrich's counterclaim. On November 21, 1930, the respondent sent Trosello an application for a bond to secure costs, pursuant to an order obtained by the attorney for the defendant, which Trosello executed. The case was put on the calendar in due course. Trosello subsequently advised the respondent that one Mrs. Girard had brought an action against him and the owners of the other cars involved in the accident, and was requested by respondent to notify him of the outcome of said case. In April, 1934, the complaint of Mrs. Girard was dismissed as against Trosello. The latter tried to get in touch with the respondent at the office which he had theretofore occupied. He found he was no longer at that address, but was located at 723 Seventh avenue, New York city. On several occasions he attempted to reach the respondent there but did not succeed in talking with him until July 17, 1934. Trosello testified that on that occasion respondent informed him he did not remember anything about the case and asked Trosello to send him a letter giving him particulars thereof. Trosello wrote such a letter, to which no reply was received. He then went to the office of the Legal Aid Society in Jamaica, Long Island, N. Y., where he was informed that an examination at the clerk's office of the Supreme Court in Queens county failed to disclose that the case was on the calendar and that several efforts to communicate with respondent by telephone had been unsuccessful.

There followed the complaint to the petitioner's committee on grievances, and a letter from its attorney to the respondent dated October 9, 1934, which was not answered by the respondent, a further letter on October 29, 1934, which respondent admitted receiving, and a further one on November 3, 1934. As a matter of fact the case had been put on the calendar in Queens county, but was marked off on October 30, 1931, and had not been restored.

Respondent professed to have been unable to do anything about

the case because he had lost Trosello's address and all the papers in connection with the matter. He had moved his office twice since he was retained, first to 51 Chambers street and then to 723 Seventh avenue, New York city, and suggested that those removals might account for the papers having been lost. In his testimony he admitted that he had been negligent and said that the only excuse he could offer was that " there was nothing wilful involved, nothing deliberate; whatever happened was purely accidental." For some time past he has been engaged in the theatrical business and has paid little or no attention to his professional work.

Respondent's failure to make any attempt to restore the case to the calendar was not in any way excused by him. At the hearing on June 14, 1935, when the petitioner's evidence was all in, an adjournment to September 30, 1935, was given to the respondent by the referee, with the suggestion that before that time he have the case restored to the calendar. He has not done so, and defaulted at the hearing on September thirtieth. It is apparent that the self-confessed negligence on the part of the respondent, as found by the referee, has been due to indifference and inattention to business rather than to any intention to wrong the complainant, and that the respondent seems to have been giving his attention to some other line of activity. He has made no appearance upon this application to confirm the report of the referee.

The respondent should be suspended from practice for a period of six months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent suspended for six months.